Opinion issued February 26, 2026



In The

# Court of Appeals

### For The

# First District of Texas

———————————

### NO. 01-25-00943-CV

———————————

## IN RE JAY W. COLVIN III, Relator

---

## Original Proceeding on Petition for Writ of Mandamus

---

## MEMORANDUM OPINION

Relator, Jay W. Colvin III, filed a petition for writ of mandamus arguing that the trial court abused its discretion by granting the "Application for Court Order of Compliance with Arbitrator's Subpoena" filed by real party in interest, Emily Colvin, requiring relator to produce documents in response to a subpoena.[1] Relator

---

[1] The underlying case is *Emily Colvin v. Gregory B. Yost and Brock Upham Yost, PLLC*, cause no. 2023-60811, in the 334th District Court of Harris County, Texas, the Honorable Dawn Rogers presiding.

requested that the Court "issue a writ of mandamus commanding the trial court to vacate its discovery order and grant an order quashing" the subpoena.

In connection with his mandamus petition, relator also filed an "Emergency Motion for Temporary Relief." In his motion, relator requested that the Court stay enforcement of the trial court's order pending this Court's consideration of his petition for writ of mandamus. On November 18, 2025, the Court granted the motion, staying enforcement of the trial court's order requiring relator to produce documents in response to the subpoena pending this Court's review of the petition.

The Court also requested a response to the petition for writ of mandamus, and on January 2, 2026, real party in interest filed a response to the petition. Relator filed a reply in support of his petition on January 12, 2026.

We conclude that relator has failed to establish he is entitled to mandamus relief, and therefore the Court lifts the stay imposed by our November 18, 2025 order and denies relator's petition for writ of mandamus.[2] *See* TEX. R. APP. P. 52.8(a). We dismiss any pending motions as moot.

**PER CURIAM**

Panel consists of Justices Guerra, Guiney, and Johnson.

---

[2] We note that the subject "Order Granting Plaintiff's Application for Court Order of Compliance with Arbitrator's Subpoena" provides in paragraphs 2 and 3 that relator is to produce an "accounting" related to the purchase or sale of certain properties. This does not order relator to *create* an accounting related to the properties but to produce existing accountings in relator's possession and control.